**DAVID J. STEELE, CA Bar No. 209797**
david.steele@tuckerellis.com
**HOWARD A. KROLL, CA Bar No. 100981**
howard.kroll@tuckerellis.com
**TUCKER ELLIS LLP**
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409

Attorneys for Plaintiffs
Coachella Music Festival, LLC and
Goldenvoice, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC and GOLDENVOICE, LLC,<br><br>           Plaintiffs,<br><br>      v.<br><br>KAMIL AL-AHDALI a/k/a thebearcapsocial a/k/a thebearcapsunday d/b/a HOODCHELLA; and DOES 1-20,<br><br>           Defendants. | Case No. 5:16-cv-00167<br><br>**COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; DILUTION; CYBERSQUATTING; AND UNFAIR COMPETITION**<br><br>**DEMAND FOR TRIAL BY JURY** |

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

COMPLAINT

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1    Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC (collectively,

2  "Plaintiffs") by and through their attorneys, Tucker Ellis LLP, file their complaint against

3  Defendants Kamil Al-Ahdali a/k/a thebearcapsocial a/k/a thebearcapsunday d/b/a

4  HOODCHELLA and Does 1-20 (collectively, "Al-Ahdali") for injunctive relief and

5  damages as follows:

6    Plaintiffs allege as follows, upon actual knowledge with respect to themselves and

7  their own acts, and on information and belief as to all other matters.

8  **INTRODUCTION**

9    1.    Held annually, Plaintiffs' Coachella Valley Music & Arts Festival

10  ("COACHELLA") is one of the most critically acclaimed music festivals in the world,

11  with multiple bands, artists, food vendors, and stages. COACHELLA is a sold-out event

12  which attracts nearly 600,000 attendees to Southern California each April. Trading on the

13  goodwill of Plaintiffs' famous COACHELLA festival, Al-Ahdali is attempting to operate

14  his own directly competitive festival named HOODCHELLA. Like Plaintiffs' famous

15  COACHELLA festival, Al-Ahdali's HOODCHELLA festival is advertised as a festival

16  which features multiple bands, artists, and food vendors. And just like COACHELLA,

17  Al-Ahdali's HOODCHELLA festival is advertised to take place in Southern California

18  across multiple days in April. Plaintiffs have no objection to Al-Ahdali's holding a music

19  festival; but Al-Ahdali has ignored repeated requests from Plaintiffs to adopt his own

20  distinctive festival name. Accordingly, Plaintiffs have been forced to file this action to

21  protect the famous COACHELLA trademark and service mark from infringement and

22  dilution, and to protect the public from the likelihood of confusion caused by Al-Ahdali.

23  **THE PARTIES**

24    2.    Plaintiff Coachella Music Festival, LLC is a limited liability company

25  organized and existing under the laws of the State of Delaware, having a principal place

26  of business in Los Angeles, California. Coachella Music Festival, LLC owns the

27  intellectual property rights to COACHELLA.

28

3.      Plaintiff Goldenvoice, LLC is a limited liability company organized and existing under the laws of the State of California, having a principal place of business in Los Angeles, California. Goldenvoice, LLC produces the COACHELLA festival.

4.      Defendant Al-Ahdali is a resident of the State of California with his principal residence in Pomona, California.

5.      Defendant Al-Ahdali is also known as thebearcapsocial.

6.      Defendant Al-Ahdali is also known as thebearcapsunday.

7.      Plaintiffs are not aware of the true names and capacities of Defendants named in this Complaint as Does 1-20, inclusive, and therefore brings this action against these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege these Defendants' true names and capacities when ascertained.

8.      At all times material to this action, each of the Defendants was the agent, servant, employee, partner, *alter ego*, subsidiary, or joint venturer of each of the other Defendants, and the acts of each of the Defendants were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and consent of each of the other Defendants; and, each of the Defendants aided and abetted the other Defendants in the acts or omissions alleged in this Complaint.

## JURISDICTION AND VENUE

9.      This case is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, under the California Business and Professions Code § 17200, *et seq.*, and California Common Law.

10.     This Court has subject matter jurisdiction over the claims in this Complaint, which arise under the Trademark Laws of the United States, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), and which involve a federal question, pursuant to 28 U.S.C. § 1331.

11.     This Court has pendent jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a) because the asserted state claims are substantially

1   related to the claims arising under the Trademark Laws of the United States.

2   Furthermore, this Court has pendent jurisdiction because both the state and federal claims

3   are derived from a common nucleus of operative facts and considerations of judicial

4   economy dictate the state and federal issues be consolidated for a single trial.

5          12.    This Court has personal jurisdiction over all Defendants because they reside

6   in California. This Court also has personal jurisdiction over Defendants because

7   Defendants conduct systematic and continuous business within California related to the

8   unlawful activities at issue in this Complaint. Defendants continuously and systematically

9   solicit business from and conduct business with California residents using the Internet

10  through one or more fully interactive websites, accepting payments from California

11  residents, delivering infringing services to residents of California and advertising through

12  one or more California companies. In addition, Defendants have undertaken acts of

13  trademark infringement, service mark infringement, false designation of origin, dilution,

14  cybersquatting, and unfair competition that were purposefully directed at California with

15  knowledge that the brunt of the injury would be felt by Plaintiffs in California.

16         13.    Venue is proper under 28 U.S.C. § 1391.

17  ## PLAINTIFFS' COACHELLA MUSIC FESTIVAL,

18  ## TRADEMARKS AND SERVICE MARKS

19         14.    Plaintiffs own and produce COACHELLA, one of the country's premier

20  music and arts festivals. Printouts of several news stories about COACHELLA are

21  attached to this Complaint as Exhibit 1. The caption from one photograph accompanying

22  a story from CNN reads, "[a]n aerial view taken from a helicopter on Sunday shows how

23  big the [2011] festival is."

24         15.    Held annually at the 78-acre Empire Polo Club in the beautiful Southern

25  California desert, COACHELLA is one of the most critically acclaimed music festivals in

26  the world.

27

28

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

-3-
COMPLAINT

16.   COACHELLA was first held in October 1999 and drew some 25,000 attendees into the California desert in Southern California. Over the years,[1] both COACHELLA's attendance and its prominence have grown. Attendance to the sold-out COACHELLA festival, aggregated over the multi-day event, is estimated at 600,000 attendees.

17.   For the past several years, tickets to COACHELLA sell out, and for the past few years typically sell out in about an hour. Printouts of several news stories about COACHELLA selling out are attached to this Complaint as Exhibit 2.

18.   COACHELLA mixes some of the most groundbreaking artists from all genres of music along with a substantial selection of art installations from all over the world. COACHELLA attracts some of the world's biggest mega-stars to perform. The list of artists who have performed include: Beastie Boys, Bjork, Coldplay, Daft Punk, Depeche Mode, Drake, Jane's Addiction, Jay-Z, Kanye West, Madonna, Nine Inch Nails, Oasis, Paul McCartney, Prince, Radiohead, Rage Against the Machine, Red Hot Chili Peppers, Roger Waters, The Cure, The Pixies, and Tool, to list only a very few.

19.   COACHELLA is about more than just music. The festival's venue also includes camping facilities for some 15,000 attendees (complete with a karaoke lounge and a general store), and an amazing selection of food and beverages from a wide range of restaurants. The festival also features an extensive art exhibit which includes many pieces of art (including sculpture and so-called "interactive" art). The music, the food, the art, and of course, the fellowship of other attendees, taken together, makes COACHELLA more than just a concert to attend—it truly is an experience.

20.   Plaintiffs own and operate COACHELLA's website, available at www.coachella.com. This website has received over 24 million page views in the past year, and as hosted nearly 8 million users in over 11 million sessions Screen captures of Plaintiffs' website,[2] available at www.coachella.com, are attached to this Complaint as Exhibit 3.

---

[1] Coachella  was next held in April 2001 and has been held annually thereafter.

[2] Much of the current website content relates to last year's COACHELLA as this year's COACHELLA festival, which will be held in April, has not be finalized and/or published

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

21.     Plaintiffs also produce a mobile app for COACHELLA for use on iPhone / iPad and Android devices. Screen captures of Plaintiffs' app from iTunes and Google are attached to this Complaint as Exhibit 4.

22.     Plaintiffs extensively promote their COACHELLA festival through a variety of media, including via the Internet on its website, available at www.coachella.com, and on numerous social media sites including Facebook, Twitter, and Instagram, to list a few. Screen captures of Plaintiffs' Facebook, Twitter, and Instagram accounts are attached to this Complaint as Exhibit 5. As can be seen from Exhibit 5, Plaintiffs' Facebook page has over 1.4 million likes; their Twitter account is being followed by over seven hundred thousand Twitter users; and their Instagram account is being followed by over six hundred thousand Instagram users.

23.     Plaintiffs invested over $680,000 dollars last year alone in media and related content to promote COACHELLA.

24.     An Internet search using the Google search engine for the term "COACHELLA music festival" provided over 1 million hits; a cursory review of the results shows nearly every hit was related to Plaintiffs' festival; and the first search result was to Plaintiffs' www.coachella.com website.

25.     Tracked online media impressions (advertisements) for COACHELLA from March 27, 2015 through May 1, 2015 exceeded 60 million impressions.

26.     Over 500 credentialed journalists, from print media, radio, television, and the Internet reported live from the 2015 COACHELLA festival. The journalists represented media outlets such as diverse as Time, Billboard, and the BBC.

27.     Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA trademark and service mark, having used the mark in connection with the festival and related goods and services since the first COACHELLA festival in 1999.

on the www.coachella.com website.

28.     Similarly, Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA (stylized) trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999. A copy of the design mark is depicted below:

29.     Plaintiffs also own the exclusive trademark rights to the distinctive COACHELLA VALLEY MUSIC AND ARTS FESTIVAL trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999.

30.     The COACHELLA, COACHELLA (stylized), and COACHELLA VALLEY MUSIC AND ARTS FESTIVAL marks are collectively referred to in this Complaint as "the COACHELLA Marks."

31.     Since 1999, Plaintiffs' use of the COACHELLA Marks has been extensive, continuous, and substantially exclusive.

32.     COACHELLA and the COACHELLA Marks have been the subject of extensive newspaper articles, magazine articles, television and Internet news stories. *See* Exhibits 1-2.

33.     Plaintiffs have made, and continue to make, a substantial investment of time, effort and expense in the production and promotion of COACHELLA and the COACHELLA Marks.

34.     The COACHELLA Marks are unique and distinctive and, as such, designate a single source of origin.

35.     As a result of Plaintiffs' efforts and use, the COACHELLA Marks have come to be recognized by the public and members of the trade as being associated exclusively with Plaintiffs and COACHELLA.

36.     Plaintiffs have entered into a very limited number of highly sought-after licenses to use the COACHELLA Marks.

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

37. Similarly, Plaintiffs have entered into a limited number of official sponsorships of COACHELLA and have been highly selective regarding authorized or permitted use of the COACHELLA Marks by third-parties.

38. Plaintiffs expend substantial effort and expense to protect the COACHELLA Marks' distinctiveness in the marketplace. Plaintiffs extensively police unauthorized use of the COACHELLA Marks and have sent countless cease and desist letters, and made countless telephone calls, to combat misuse or unauthorized use of the COACHELLA Marks.

39. Plaintiffs have filed numerous domain name complaints to remedy the registration or use of identical or confusingly similar Internet domain names.

40. Based on Plaintiffs' use, including the use described herein, Plaintiffs own extensive common law trademark rights in the COACHELLA Marks.

41. In addition to their extensive common law rights, Plaintiffs own numerous United States registrations for the COACHELLA Marks. Specifically, Plaintiffs own:

    a. United States Service Mark Registration No. 3,196,119 for COACHELLA. This Registration is incontestable under 15 U.S.C. § 1065;

    b. United States Trademark Registration No. 4,270,482 for COACHELLA;

    c. United States Service Mark Registration No. 3,196,129 for COACHELLA (stylized). This Registration is incontestable under 15 U.S.C. § 1065;

    d. United States Trademark Registration No. 4,266,400 for COACHELLA (stylized);

    e. United States Service Mark Registration No. 3,196,128 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL. This Registration is incontestable under 15 U.S.C. § 1065;

    f. United States Trademark Registration No. 3,965,563 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL; and

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

g.  United States Trademark Registration No. 4,008,651 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL.

The registration certificate for each registration is attached to this Complaint as Exhibit 6.

42.  Having been widely promoted to the general public, and having exclusively identified Plaintiffs and their goods and services, the COACHELLA Marks symbolize the tremendous goodwill associated with Plaintiffs and Plaintiffs' festival.

43.  The COACHELLA Marks are a property right of incalculable value.

44.  The COACHELLA Marks have for many years enjoyed unquestionable fame as a result of the favorable general public acceptance and recognition.

45.  The COACHELLA Marks are famous marks protected under 15 U.S.C. § 1125(c).

**DEFENDANTS' BUSINESS**

46.  Al-Ahdali operates or intends to operate a music festival named HOODCHELLA.

47.  Al-Ahdali advertises the HOODCHELLA festival on a website available at www.hoodchella.com. Screen captures of the www.hoodchella.com website are attached to this Complainant as Exhibit 7.

48.  Al-Ahdali also advertises the HOODCHELLA festival through a variety of social media sites including Facebook, Twitter, Instagram, and Splashthat. Screen captures of the HOODCHELLA Facebook, Twitter, Instagram, and Splashthat accounts are attached to this Complaint as Exhibit 8.

49.  Al-Ahdali also has used HOODCHELLA in the email address hoodchella@gmail.com, and as part of the URL hoodchella.splashthat.com. Both the hoodchella@gmail.com email address and the hoodchella.splashthat.com URL are used in connection with the HOODCHELLA festival.

50.  According to the HOODCHELLA Facebook page, as shown in Exhibit 8, the HOODCHELLA festival is scheduled for April 8 – April 10, 2016 in Los Angeles, CA.

51.    According to the HOODCHELLA Facebook page, the HOODCHELLA festival will include "over 16 hrs. live music, food | drinks | culture & overall a amazing experience." *See* Exhibit 8 (all errors in original).

52.    The HOODCHELLA Twitter page has over six thousand followers. *See* Exhibit 8.

53.    According to the HOODCHELLA Twitter page, Al-Ahdali has been accepting submissions from musical performers to perform at the HOODCHELLA festival. *See* Exhibit 8.

54.    According to the HOODCHELLA Facebook page, Al-Ahdali has invited over four thousand people to the HOODCHELLA festival. *See* Exhibit 8.

55.    In a post to his personal Twitter account, @bearcapsunday, Al-Ahdali states "this year major companies and major press reached out to us [regarding HOODCHELLA]." A screen capture of Al-Ahdali's post is attached to this Complaint as Exhibit 9.

56.    In another post to his personal Twitter account, Al-Ahdali states "[the HOODCHELLA festival] received over 3k RSVPs independently and had over 4K [musical performers] submission this year." A screen capture of Al-Ahdali's post is attached to this Complaint as Exhibit 10 (all errors in original).

57.    In another post to his personal Twitter account, Al-Ahdali states "Next year hoodchella will be in NYC." A screen capture of Al-Ahdali's post is attached to this Complaint as Exhibit 11.

58.    Al-Ahdali and Plaintiffs are direct competitors in the music festival industry.

59.    The HOODCHELLA festival is marketed to the same or similar consumers who attend or would attend COACHELLA. Several Twitter posts by consumers regarding these two festivals are attached to this Complaint as Exhibit 12.

60.    On or about January 31, 2016, the website lahiphopevents.com advertised the HOODCHELLA festival on its website. A screen capture of the advertisement is attached to this Complaint as Exhibit 13.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

61. Al-Ahdali is not affiliated with Plaintiffs, or with COACHELLA.

62. Al-Ahdali is not licensed to use the COACHELLA Marks.

63. Al-Ahdali had constructive notice of Plaintiffs rights in Plaintiffs' federally registered COACHELLA Marks under 15 U.S.C. § 1072.

64. HOODCHELLA is similar in sight, sound and meaning to the COACHELLA Marks.

65. Al-Ahdali adopted and uses HOODCHELLA to market his music festival because it is similar to the COACHELLA Marks.

66. Al-Ahdali's use of HOODCHELLA to market his music festival was done with actual knowledge of the COACHELLA Marks.

67. On or about December 29, 2015, Plaintiffs' counsel contacted Al-Ahdali by email regarding Plaintiffs' rights in the COACHELLA Marks and Al-Ahdali's use of HOODCHELLA for his competitive music festival (the "First Cease and Desist Letter"). A copy of the email is attached to this Complaint as Exhibit 14.

68. The First Cease and Desist Letter provided actual notice to Al-Ahdali of Plaintiffs' rights in the COACHELLA Marks.

69. The First Cease and Desist Letter demanded Al-Ahdali cease all use of HOODCHELLA in connection with Al-Ahdali's music festival.

70. Al-Ahdali ignored the First Cease and Desist Letter and continued advertising and promoting his festival using the HOODCHELLA name.

71. On or about January 6, 2016, Plaintiffs' outside counsel sent a more formal cease and desist letter to Al-Ahdali by email and FedEx (the "Second Cease and Desist Letter"). A copy of the letter is attached to this Complaint as Exhibit 15. Like the First Cease and Desist Letter, the Second Cease and Desist Letter further explained Plaintiffs' rights in the COACHELLA Marks, included proof of ownership of the COACHELLA Marks, and explained the reasons why Al-Ahdali's use of HOODCHELLA for his competitive music festival was likely to cause confusion.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

72.   The Second Cease and Desist Letter also explained that Al-Ahdali's registration and use of the hoodchella.com domain name constituted cybersquatting.

73.   The Second Cease and Desist Letter further explained that Al-Ahdali's use of HOODCHELLA within the various social media accounts and as an email address, were also likely to cause confusion.

74.   The Second Cease and Desist Letter also demanded Al-Ahdali cease all use of HOODCHELLA in connection with Al-Ahdali's music festival, and that he transfer the hoodchella.com domain name to Plaintiffs.

75.   On or about January 6, 2016, in a post to his personal Twitter account, Al-Ahdali stated "@coachella @AEGLiveSW you want hoodchella.com contact me. Big money only … You know where I live." A screen capture of Al-Ahdali's post is attached to this Complaint as Exhibit 16.

76.   A copy of the hoodchella.com domain name ownership information, showing Al-Ahdali as the owner, is attached to this Complaint as Exhibit 17.

77.   Al-Ahdali continues to advertise and promote the HOODCHELLA festival, even after receipt of the First Cease and Desist Letter and Second Cease and Desist Letter.

**HARM TO PLAINTIFFS AND THE GENERAL PUBLIC**

78.   Al-Ahdali's unauthorized use of the HOODCHELLA creates a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Al-Ahdali's music festival, and is likely to falsely suggest a sponsorship, connection, license, or association of Al-Ahdali with Plaintiffs.

79.   Al-Ahdali's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

80.   Al-Ahdali's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

**FIRST CAUSE OF ACTION**

**(Trademark Infringement Under 15 U.S.C. § 1114(1))**

81.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 80 of this Complaint as though fully set forth here.

82.    Al-Ahdali's use in commerce of the COACHELLA Marks and variations thereof is likely to cause confusion, mistake, or to deceive.

83.    The above-described acts of Al-Ahdali constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiffs to relief.

84.    Al-Ahdali has unfairly profited from the trademark infringement alleged.

85.    By reason of Al-Ahdali's acts of trademark infringement, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

86.    Al-Ahdali's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their federally registered trademarks.

87.    Al-Ahdali's acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

88.    By reason of Al-Ahdali's acts, Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted by Al-Ahdali. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Al-Ahdali and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

89.    By reason of Al-Ahdali's willful acts of trademark infringement, Plaintiffs are entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

90.    This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## SECOND CAUSE OF ACTION

### (Trademark Infringement and False Designation of Origin

### Under 15 U.S.C. § 1125(a))

91.     Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 90 of this Complaint as though fully set forth here.

92.     Al-Ahdali's use in commerce of the COACHELLA Marks and variations thereof is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Al-Ahdali's goods or services are authorized, sponsored or approved by or are affiliated with Plaintiffs.

93.     The above-described acts of Al-Ahdali constitute trademark infringement of the COACHELLA Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

94.     Al-Ahdali has unfairly profited from the actions alleged.

95.     By reason of the above-described acts of Al-Ahdali, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

96.     The above-described acts of Al-Ahdali have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

97.     The above-described acts of Al-Ahdali have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

98.     By reason of Al-Ahdali's acts, Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted by Al-Ahdali. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Al-Ahdali and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

99.     Because the above-described acts of Al-Ahdali were willful, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

100.    This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### (Dilution Under 15 U.S.C. § 1125(c))

101.   Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 100 of this Complaint as though fully set forth here.

102.   Plaintiffs' COACHELLA Marks are famous, as that term is used in 15 U.S.C. § 1125(c), and were famous before Al-Ahdali's use of the COACHELLA Marks and variations thereof in commerce, based on, among other things, the inherent distinctiveness and federal registration of the COACHELLA Marks and the extensive, and exclusive nationwide use, advertising, promotion, and recognition of the COACHELLA Marks.

103.   Al-Ahdali's use of the COACHELLA Marks and variations thereof in commerce is likely to cause dilution by blurring or dilution by tarnishment of the COACHELLA Marks.

104.   The above-described acts of Defendants constitute dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. § 1125(c), entitling Plaintiffs to relief.

105.   Al-Ahdali has unfairly profited from the actions alleged.

106.   By reason of Al-Ahdali's acts, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks and have suffered and will continue to suffer irreparable harm.

107.   By reason of Al-Ahdali's acts, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Al-Ahdali.

108.   Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Al-Ahdali and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

109.   By reason of Al-Ahdali's willful acts, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

110.   This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### (Cybersquatting Under 15 U.S.C. § 1125(d))

111.   Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 110 of this Complaint as though fully set forth here.

112.   Al-Ahdali registered, trafficked in or used the hoodchella.com domain name.

113.   The COACHELLA Marks were distinctive and federally registered at the United States Patent and Trademark Office at the time Al-Ahdali registered and used the hoodchella.com domain name.

114.   The hoodchella.com domain name is confusingly similar to the COACHELLA Marks.

115.   Al-Ahdali registered, trafficked in, or used the hoodchella.com domain name in bad faith and with a bad faith intent to profit from the COACHELLA Marks.

116.   Al-Ahdali does not have any intellectual property rights or any other rights in the COACHELLA Marks.

117.   The hoodchella.com domain name does not consist of the legal name of Al-Ahdali, nor a name that is otherwise commonly used to identify him.

118.   Al-Ahdali has not made any prior use of any of the hoodchella.com domain name in connection with the *bona fide* offering of any goods or services.

119.   Al-Ahdali has not made any *bona fide* fair use of the the COACHELLA Marks on a website accessible under the hoodchella.com domain name.

120.   Al-Ahdali registered and used the hoodchella.com domain name to divert consumers from Plaintiffs' www.coachella.com website to a website accessible under the hoodchella.com domain name for Al-Ahdali's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of his website.

121.   The COACHELLA Marks are famous within the meaning of 15 U.S.C. § 1125(c).

122.   The hoodchella.com domain name is identical or confusingly similar to the COACHELLA Marks.

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

123. Al-Ahdali's registration, use, or trafficking in the hoodchella.com domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to relief.

124. Al-Ahdali engaged in the activities complained of above with a bad faith intent to profit from the registration or maintenance of the hoodchella.com domain name.

125. By reason of Al-Ahdali's acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Al-Ahdali. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

126. By reason of Al-Ahdali's acts alleged herein, Plaintiffs are entitled to recover Al-Ahdali's profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiffs, in an amount of one hundred thousand dollars ($100,000) per domain name infringement.

127. This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## FIFTH CAUSE OF ACTION

### (Violation of California Unfair Competition and Trademark Law)

128. Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 127 of this Complaint as though fully set forth here.

129. Plaintiffs are informed and believe that Al-Ahdali is in direct competition with Plaintiffs.

130. Al-Ahdali's willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods and services causing confusion as to the source of the goods and causing harm to Plaintiffs' goodwill is an unlawful appropriation of Plaintiffs' exclusive rights in the COACHELLA Marks and variations thereof.

131. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, et seq., and under the common law of the State of California.

132.   Pursuant to California Business and Professions Code § 17203, Al-Ahdali is required to disgorge and restore to Plaintiffs all profits and property acquired by means of Al-Ahdali's unfair competition with Plaintiff.

133.   Due to Al-Ahdali's conduct, Plaintiffs have suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Al-Ahdali's acts and continuing acts. Plaintiffs' remedy at law is not adequate to compensate them for the injuries already inflicted and further threatened by Al-Ahdali. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

134.   Al-Ahdali's conduct has been intentional and willful and in conscious disregard of Plaintiffs' rights and, therefore, Plaintiffs are entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Al-Ahdali and to make an example of Al-Ahdali to the community.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Al-Ahdali as follows:

1.   That the Court enter a judgment against Al-Ahdali that Al-Ahdali has:

   a. Infringed the rights of Plaintiffs in the COACHELLA Marks that have been federally registered in violation of 15 U.S.C. § 1114(1);

   b. Infringed the rights of Plaintiffs in the COACHELLA Marks in violation of 15 U.S.C. § 1125(a);

   c. Infringed the rights of Plaintiffs in the COACHELLA Marks in violation of 15 U.S.C. § 1125(c);

   d. Infringed the rights of Plaintiffs in the COACHELLA Marks in violation of 15 U.S.C. § 1125(d); and

   e. Engaged in unfair competition and deceptive acts and practices in violation of California Business and Professions Code §§ 17200, *et seq.* and California common law.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

2.   That each of the above acts was willful.

3.   That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction enjoining and restraining Al-Ahdali and his agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Al-Ahdali, from:

      a.   Engaging in any infringing activity including advertising, promoting, marketing, franchising, selling and offering for sale any goods or services in connection with the COACHELLA Marks or any similar mark, including but not limited to HOODCHELLA.

      b.   Engaging in any activity which lessens the distinctiveness or tarnishes the COACHELLA Marks;

      c.   Registering, using or trafficking in any domain name that is identical or confusingly similar to the COACHELLA Marks;

      d.   Engaging in any unfair competition with Plaintiffs; and

      e.   Engaging in any deceptive acts.

4.   That Plaintiffs be awarded damages for Al-Ahdali's trademark infringement and unfair competition and that these damages be trebled due to Al-Ahdali's willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

5.   That Plaintiffs be awarded all profits resulting from Al-Ahdali's infringement of Plaintiffs' rights and by means of Al-Ahdali's unfair competition with Plaintiffs.

6.   That Al-Ahdali be ordered to account for and disgorge to Plaintiffs all amounts by which Al-Ahdali has been unjustly enriched by reason of the unlawful acts complained of.

7.   That Plaintiffs be awarded $100,000 in statutory damages by reason of Al-Ahdali's cybersquatting in accordance with the provisions of 15 U.S.C. § 1117;

8.   That Plaintiffs be awarded an amount sufficient to reimburse Plaintiffs for the costs of corrective advertising.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

9.      For prejudgment interest on all infringement damages.

10.      That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, California law, and any other applicable provision of law.

11.      That the Court award Plaintiffs their costs of suit incurred herein.

12.      For such other or further relief as the Court may deem just and proper.

Dated: January 28, 2016

Tucker Ellis LLP

By:    /s/David J. Steele
        David J. Steele
        Howard A. Kroll

        Attorneys for Plaintiffs
        Coachella Music Festival, LLC
        Goldenvoice, LLC

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

COMPLAINT

# DEMAND FOR TRIAL BY JURY

Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC hereby demand a trial by jury to decide all issues so triable in this case.

Dated:  January 28, 2016                              Tucker Ellis LLP

                                        By:    /s/David J. Steele
                                                David J. Steele
                                                Howard A. Kroll

                                                Attorneys for Plaintiffs
                                                Coachella Music Festival, LLC
                                                Goldenvoice, LLC